# EXHIBIT A

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Brandon Johnson

**DEFENDANTS**
P/O Wm. Bowdren, City of Phila., City of Phila Prison Sys., Thomas Kasprzak, Joseph Curtosi, Michele Farrell

**(b)** County of Residence of First Listed Plaintiff _____Philadelphia_____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____Philadelphia_____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Matthew B. Weisberg, Esq., 7 South Morton Ave., Morton, PA 19070
610-690-0801

Attorneys *(If Known)*
Matthew Hubbard

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Sec. 1983
Brief description of cause:
Civil Rights Violation under 42 U.S.C. Sec. 1983

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
8-24-15

SIGNATURE OF ATTORNEY OF RECORD
*Matthew R. Hubbard*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

Brandon Johnson                                    Civil Action
845 N. 20th Street
Philadelphia, PA 19130                             NO: _____
        Plaintiff

        V.

Officer William Bowdren, individually and
in his official capacity as Officer for the
City of Philadelphia Police Department
1515 Arch Street
Philadelphia, PA 19102                             Formerly
        And
The City of Philadelphia Police Department         Court of Common Pleas
1515 Arch Street                                   Philadelphia County
Philadelphia, PA 19102                             Trial Division – Civil
        And                July Term, 2014
The City of Philadelphia Prison System             No. 001437
7901 State Road
Philadelphia, PA 19136
        And
Thomas Kasprzak individually and in his
official capacity as Parole Officer for the
City of Philadelphia Adult Probation and
Parole Department
1401 Arch Street
Philadelphia, PA  19102
        And
Joseph Curtosi, individually and in his
official capacity as Parole Officer for the
City of Philadelphia Adult Probaton and
Parole Department
1401 Arch Street
Philadelphia, PA  19102
        And
Michele Farrell, individually and in her
official capacity as Corrections Warden for
for the City of Philadelphia Prison System
7901 State Road
Philadelphia, PA  19136
        Defendants

## NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania.**

    Pursuant to 28 U.S.C. § 1441, defendants, P/O William Bowdren, City of Philadelphia Police Dept., City of Philadelphia Prison System, Thomas Kasprzak, Joseph Curtosi, and

Michele Farrell(hereinafter "petitioners") through their counsel, Matthew Hubbard, Senior Attorney, respectfully petition for the removal of this action to the United States District Court for the Eastern District of Pennsylvania. In support thereof, defendants state the following:

1. In July 2014, plaintiff initiated this action by a Complaint in the Court of Common Pleas in Philadelphia, July 2014, No. 001437. (Exhibit A - Complaint).

2. On August 18, 2015, said Complaint was served on Petitioners at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania.

3. Plaintiff alleges that on July 31, 2013, he sustained damages when his civil rights were violated by the defendants. (Exhibit A ).

4. This action may be removed to this Court pursuant to 28 U.S.C. § 1441 since Plaintiff's Complaint contains allegations of violations of the plaintiff's Federal Civil Rights and seeks relief under 42 U.S.C. § 1983. (Exhibit A)

**Wherefore,** petitioners, P/O William Bowdren, City of Philadelphia Police Dept., City of Philadelphia Prison System, Thomas Kasprzak, Joseph Curtosi, and Michele Farrell, respectfully request that the captioned Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Craig Straw
Chief Deputy City Solicitor

**MATTHEW K. HUBBARD**
**Senior Attorney**
**Attorney I.D. No. 44110**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5391

Date: 8-24-15

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

Brandon Johnson                                          Civil Action
845 N. 20th Street
Philadelphia, PA 19130                                   NO: _____
                            Plaintiff

                V.

Officer William Bowdren, individually and
in his official capacity as Officer for the
City of Philadelphia Police Department
1515 Arch Street
Philadelphia, PA 19102                                   Formerly
                And
The City of Philadelphia Police Department               Court of Common Pleas
1515 Arch Street                                         Philadelphia County
Philadelphia, PA 19102                                   Trial Division – Civil
                And                                      July Term, 2014
The City of Philadelphia Prison System                   No. 001437
7901 State Road
Philadelphia, PA 19136
                And
Thomas Kasprzak individually and in his
official capacity as Parole Officer for the
City of Philadelphia Adult Probation and
Parole Department
1401 Arch Street
Philadelphia, PA 19102
                And
Joseph Curtosi, individually and in his
official capacity as Parole Officer for the
City of Philadelphia Adult Probaton and
Parole Department
1401 Arch Street
Philadelphia, PA 19102
                And
Michele Farrell, individually and in her
official capacity as Corrections Warden for
for the City of Philadelphia Prison System
7901 State Road
Philadelphia, PA 19136
                            Defendants

## NOTICE OF FILING OF REMOVAL

TO:   Matthew B. Weisberg, Esq.
      7 South Morton Ave.

Morton, PA  19070

PLEASE TAKE NOTICE THAT on     August 24, 2015     , defendants, P/O  William Bowdren, City of Philadelphia Police Dept., City of Philadelphia Prison System, Thomas Kasprzak, Joseph Curtosi, and Michele Farrell filed, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania a verified Notice of Removal.

A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(d).

**MATTHEW K. HUBBARD**
**Senior Attorney**
**Attorney I.D. No. 44110**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5391

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

Brandon Johnson
845 N. 20th Street
Philadelphia, PA 19130

          Plaintiff

            V.

Officer William Bowdren, individually and
in his official capacity as Officer for the
City of Philadelphia Police Department
1515 Arch Street
Philadelphia, PA 19102

          And

The City of Philadelphia Police Department
1515 Arch Street
Philadelphia, PA  19102

          And

The City of Philadelphia Prison System
7901 State Road
Philadelphia, PA 19136

          And

Thomas Kasprzak individually and in his
official capacity as Parole Officer for the
City of Philadelphia Adult Probation and
Parole Department
1401 Arch Street
Philadelphia, PA  19102

          And

Joseph Curtosi, individually and in his
official capacity as Parole Officer for the
City of Philadelphia Adult Probaton and
Parole Department
1401 Arch Street
Philadelphia, PA 19102

          And

Michele Farrell, individually and in her
official capacity as Corrections Warden for
for the City of Philadelphia Prison System
7901 State Road
Philadelphia, PA  19136

          Defendants

Civil Action

NO: _____

Formerly

Court of Common Pleas
Philadelphia County
Trial Division – Civil
July Term, 2014
No. 001437

## CERTIFICATE OF SERVICE

    I, Matthew K. Hubbard, Senior Attorney do hereby certify that a true and correct copy of
the attached Notice of Removal has been served upon the following by First Class Mail, postpaid,

on the date indicated below:

TO:   Matthew B. Weisberg, Esq.
      7 South Morton Avenue
      Morton, PA  19070

*Matthew K Hubbard*

**Matthew K. Hubbard**
**Senior Attorney**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5391

Date: 8-24-15

Exhibit "A"

THIS IS A MAJOR JURY MATTER
ASSESSMENT OF DAMAGES REQUIRED

**WEISBERG LAW**
Matthew B. Weisberg, Esq.
Attorney ID No.: 85570
Chad B. Gordon, Esq.
Attorney ID No.: 317780
7 South Morton Ave.
Morton, PA 19070
610-690-0801
610-690-0880 – Fax                          Attorneys for Plaintiff

| | | |
|---|---|---|
| Brandon Johnson | : | COURT OF COMMON PLEAS |
| 845 N. 20th Street | : | PHILADELPHIA COUNTY |
| Philadelphia, PA 19130 | : | |
| | : | |
| Plaintiff, | : | July Term, 2014 |
| | : | |
| v. | : | |
| | : | |
| Officer William Bowdren, individually and | : | NO.:   1437 |
| in his official capacity as Officer for the | : | |
| City of Philadelphia Police Department | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA 19102 | : | |
| | : | |
| And | : | |
| | : | |
| The City of Philadelphia Police Department | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA 19102 | : | |
| | : | |
| And | : | |
| | : | |
| The City of Philadelphia Prison System | : | **JURY OF TWELVE (12) DEMANDED** |
| 7901 State Road | : | |
| Philadelphia, PA 19136 | : | |
| | : | |
| And | : | |
| | : | |
| Thomas Kasprzak individually and in his | : | |
| official capacity as Parole Officer for the | : | |
| City of Philadelphia Adult Probation and | : | |
| Parole Department | : | |
| 1401 Arch Street | : | |
| Philadelphia, PA 19102 | : | |

Case ID: 150701437

And     :

Joseph Curtosi, individually and in his :
official capacity as Parole Officer for the :
City of Philadelphia Adult Probation and :
Parole Department     :
1401 Arch Street      :
Philadelphia, PA 19102    :

   And     :

Michele Farrell, individually and in her :
official capacity as Corrections Warden for :
for the City of Philadelphia Prison System :
7901 State Road      :
Philadelphia, PA 19136    :
          :
   Defendants.    :

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.  YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.  IF YOU CANNOT AFFORD TO HIRE | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas ex-puestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.  USTED LE DEBE TOMAR ESTE PAPEL A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE A UN ABOGADO, VA A O TELEFONEA LA OFICINA EXPUSO |

| | |
|---|---|
| A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.<br><br><br>Philadelphia Bar Association<br>One Reading Center<br>11th & Market Streets<br>Philadelphia, PA 19107<br>215-238-6333 | ABAJO. ESTA OFICINA LO PUEDE PROPORCIONAR CON INFORMATION ACERCA DE EMPLEAR A UN ABOGADO.<br>SI USTED NO PUEDE PROPORCIONAR PARA EMPLEAR UN ABOGADO, ESTA OFICINA PUEDE SER CAPAZ DE PROPORCIONARLO CON INFORMACION ACERCA DE LAS AGENCIAS QUE PUEDEN OFRECER LOS SERVICIOS LEGALES A PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO NI NINGUN HONORARIO.<br><br>Philadelphia Bar Association<br>One Reading Center<br>11th & Market Streets<br>Philadelphia, PA 19107<br>215-238-6333 |

THIS IS A MAJOR JURY MATTER
ASSESSMENT OF DAMAGES REQUIRED

**WEISBERG LAW**
Matthew B. Weisberg, Esq.
Attorney ID No.: 85570
Chad B. Gordon, Esq.
Attorney ID No.: 317780
7 South Morton Ave.
Morton, PA 19070
610-690-0801
610-690-0880 – Fax _____ Attorneys for Plaintiff

| | | |
|---|---|---|
| Brandon Johnson<br>845 N. 20th Street<br>Philadelphia, PA 19130 | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| Plaintiff, | : | July Term, 2014 |
| v. | : | |
| Officer William Bowdren, individually and<br>in his official capacity as Officer for the<br>City of Philadelphia Police Department<br>1515 Arch Street<br>Philadelphia, PA 19102 | : | NO.:   1437 |
| And | : | |
| The City of Philadelphia Police Department<br>1515 Arch Street<br>Philadelphia, PA 19102 | : | |
| And | : | |
| The City of Philadelphia Prison System<br>7901 State Road<br>Philadelphia, PA 19136 | : | **JURY OF TWELVE (12) DEMANDED** |
| And | : | |
| Thomas Kasprzak individually and in his<br>official capacity as Parole Officer for the<br>City of Philadelphia Adult Probation and<br>Parole Department<br>1401 Arch Street<br>Philadelphia, PA 19102 | : | |

Case ID: 150701437

And                                    :
                                       :
Joseph Curtosi, individually and in his   :
official capacity as Parole Officer for the   :
City of Philadelphia Adult Probation and   :
Parole Department                      :
1401 Arch Street                       :
Philadelphia, PA 19102                 :
                                       :
        And                            :
                                       :
Michele Farrell, individually and in her   :
official capacity as Corrections Warden for   :
for the City of Philadelphia Prison System   :
7901 State Road                        :
Philadelphia, PA 19136                 :
                                       :
        Defendants.                    :

## CIVIL ACTION COMPLAINT

### I.      Parties

1. Plaintiff, Brandon Johnson, is an adult individual residing at the above-captioned address.

2. Defendant, Officer William Bowdren, is an adult individual who at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the Defendant, Philadelphia Police Department, as well as in his official capacity as Officer, acting under color of State Law.

3. Defendant, The City of Philadelphia Prison System, is a municipal agency at the above-captioned address, which is owned, run, operated, managed directed and controlled by the City of Philadelphia.

4. Defendant, Thomas Kasprzak, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the City of Philadelphia Adult Probation and Parole Department, as well in his official capacity as Parole Officer, acting under color of State law.

Case ID: 150701437

5.  Defendant, Joseph Curtosi, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the City of Philadelphia Adult Probation and Parole Department, as well in his official capacity as Parole Officer, acting under color of State law.

6.  Defendant, Michele Farrell, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the The City of Philadelphia Prison System, as well in her official capacity as Corrections Warden, acting under color of State law.

## II.   Operative Facts

7.  On or about July 31, 2013, Plaintiff, Brandon Johnson was driving in Philadelphia.

8.  Defendant Officer, William Bowdren pulled over Johnson's vehicle. During the stop, Bowdren discovered a Philadelphia bench warrant issued for an individual with Johnson's same name for a probation violation.

9.  Plaintiff explained to Bowdren that it was impossible because he had no warrants in Philadelphia.

10. Bowdren ignored and arrested Johnson without probable nor any cause – or any meaningful investigation whatsoever.

11. Upon information and belief, the probation violation was reported by Defendant Parole Officers, Thomas Kasprzak and Joseph Curtosi.

12. Defendant, The City of Philadelphia Police Department, imprisoned Johnson at Curran-Fromhold Correctional Facility.

13. When Johnson entered the correctional facility, he received a wristband without a picture on it, but with another Johnson's information on it.

14. Johnson informed Correctional Officer, John Doe, that he was not the individual listed on the wristband. Immediately, Correctional Officer, John Doe, re-took Johnson's photo and gave him a new wristband with the same information, but with Johnson's picture.

15. On or about September 3, 2013, Johnson was released from Curran-Fromhold Correctional Facility.

16. On or about September 5, 2013, at the Gagnon Hearing held before the Honorable Rayford A. Means in the Court of Common Pleas of Philadelphia County, the Court dismissed the charges against Johnson. Upon information and belief, the assistant district attorney admitted to the Court that Johnson had been "mixed up" with another individual with the same birthday and name. (Docket No. CP-51-CR-0006825-2009).

17. Plaintiff has been arrested several other times regarding the aforesaid bench warrant which is associated with a different person named Brandon Johnson.

18. Plaintiff has communicated directly with Defendant parole officers at least three (3) times to explain this issue. Defendant parole officers apologized to Plaintiff and said they would fix the issue but have continually failed to do so.

19. Most recently, in August 2015, Plaintiff's driver's license was suspended for six (6) months because the different person named Brandon Johnson was arrested for a drug-related matter.

20. As a result of the aforesaid, Plaintiff's life has been majorly disrupted causing severe emotional distress.

21. The conduct of Defendants was part of a custom, policy and/or practice and these customs, policies or practices caused the violations of Plaintiff's rights. Specifically, Defendants arrested Plaintiff and search and seize citizens without probable nor any cause – or any meaningful investigation whatsoever.

Case ID: 150701437

### III.    Causes of Action

## COUNT I
### Wrongful Search and Seizure

22. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

23. At the time of Defendants' conduct, Plaintiff had not committed any infraction or otherwise to legally justify the search and seizure used by Defendants.

24. Defendants' stated above, *inter alia*, were committed under color of state law and were violations of Plaintiff's clearly establish and well-settled Constitutional and other legal rights.

25. Defendants caused Plaintiff to suffer a violation by their wrongful conduct all in violation of the Fourth and Fourteenth Amendment of the United States Constitution, actionable through 42 U.S.C. § 1983, et seq., as well as State Law.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants, individually, jointly and/or severally, in an amount in excess of fifty thousand dollars ($50,000.00), including punitive damages, and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

## COUNT II
### False Arrest

26. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

27. Defendants lacked probable cause or any cause to arrest Plaintiff.

28. Plaintiff had not committed any infraction or otherwise to legally justify his arrest by and through Defendants.

29. Defendants intentionally arrested Plaintiff for a purpose other than bringing Plaintiff to justice.

30. Defendants caused Plaintiff to suffer false arrest by their wrongful conduct all in violation of the Fourth and Fourteenth Amendment of the United States Constitution, actionable through 42 U.S.C. § 1983, et seq., as well as State Law.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants, individually, jointly and/or severally, in an amount in excess of fifty thousand dollars ($50,000.00), including punitive damages, and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

## COUNT III
### False Imprisonment

31. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

32. Defendants lacked probable cause or any cause to arrest or cause the arrest of Plaintiff.

33. Plaintiff had not committed any infraction or otherwise to legally justify his arrest by Defendants.

34. Defendants intentionally deprived Plaintiff of his liberty for a purpose other than bringing Plaintiff to justice.

35. Defendants caused Plaintiff to suffer false imprisonment by their wrongful conduct all in violation of the Fourth and Fourteenth Amendment of the United States Constitution, actionable through 42 U.S.C. § 1983, et seq., as well as State Law.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants, individually, jointly and/or severally, in an amount in excess of fifty thousand dollars ($50,000.00), including punitive damages, and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

<u>COUNT IV</u>
**Malicious Prosecution**

36. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

37. At the time of Defendants' investigation, arrest, charges and imprisonment, Plaintiff had not committed any infraction to legally justify the incarceration and charges.

38. Defendants' actions stated above, *inter alia*, were committed under color of State law and were violations of Plaintiff's clearly established and well-settled Constitutional and other legal rights.

39. Defendants caused Plaintiff to suffer a malicious prosecution by their wrongful conduct in subjecting Plaintiff to false criminal charges, all in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

40. Defendants instituted criminal actions against Plaintiff by way of failing to properly investigate the conduct giving rise to the warrant or thereafter.

41. Plaintiff was seized from the time he was arrested through the time he was imprisoned.

42. Defendants did not have probable cause nor any cause to arrest, charge, and/or accuse Plaintiff of the criminal acts.

43. The criminal action terminated in Plaintiff's favor after Defendants released Plaintiff from prison without verbal or written explanation.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants, individually, jointly and/or severally, in an amount in excess of fifty thousand dollars ($50,000.00), including punitive damages, and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

Case ID: 150701437

## COUNT V
### *Monell*

44. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

45. The violations of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, Plaintiff's damages, and the conduct of the individual defendants were directly and proximately caused by the actions and/or inactions of defendant, which has encouraged, tolerated, ratified, and has been deliberately indifferent to the following policies, patterns, practices, and customs, and to the need for more or different training, supervision, investigation, or discipline in the areas of:

   a. Legal cause to detain, arrest and criminally charge a citizen;

   b. The proper exercise of police powers, including but not limited to the making of an arrest and the bringing of criminal charges;

   c. Police officers' use of their status as police officers to to achieve ends not reasonably related to their police duties; and

   d. The failure of police officers to follow established policies, procedures, directives, and instructions regarding arrests, and the institution of criminal charges under such circumstances as presented by this case.

46. Prior to the events described herein, Defendants developed and maintained policies, practices, procedures, and customs exhibiting deliberate indifference to the Constitutional rights of persons within the geographic and jurisdictional limits of the Commonwealth of Pennsylvania, which caused violations of Plaintiff's constitutional and other rights.

47. The above described acts or omissions by Defendants, demonstrated a deliberate indifference to the rights of the citizens, such as Plaintiff, and were the cause of the violations of Plaintiff's rights as set forth herein.

48. Plaintiff suffered harm due to Defendants' misconduct.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants, individually, jointly and/or severally, in an amount in excess of fifty thousand dollars ($50,000.00), including punitive damages, and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

WEISBERG LAW

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esq.
Chad B. Gordon, Esq.
Attorneys for Plaintiff

Case ID: 150701437

THIS IS A MAJOR JURY MATTER
ASSESSMENT OF DAMAGES REQUIRED

**WEISBERG LAW**
Matthew B. Weisberg, Esq.
Attorney ID No.: 85570
7 South Morton Ave.
Morton, PA 19070
610-690-0801
610-690-0880 – Fax                                    Attorneys for Plaintiff

---

Brandon Johnson                              :     COURT OF COMMON PLEAS
845 N. 20th Street                           :     PHILADELPHIA COUNTY
Philadelphia, PA 19130                       :
                                             :
                    Plaintiff,               :     July Term, 2014
                                             :
            v.                               :
                                             :
Officer William Bowdren, individually and    :     NO.:   1437
in his official capacity as Officer for the  :
City of Philadelphia Police Department, et al:
1515 Arch Street                             :
Philadelphia, PA 19102                       :     **JURY OF TWELVE (12) DEMANDED**
                                             :
                    Defendants.              :

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 17th day of August, 2015, a

true and correct copy of the foregoing Plaintiff's Civil Action Complaint was served via e-filing,

upon the following parties:

Craig Straw, Esquire
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiff

Case ID: 150701437

### VERIFICATION

The facts contained in the foregoing are true based upon the signer's personal knowledge or information and belief. If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true. The language of this pleading is that of counsel and not of signer. This verification is made subject to the penalties of 18 PA C.S.A. §4904 relating to unsworn falsification to authorities.

/s/ Matthew B. Weisberg
_____
Signature

Matthew B. Weisberg, Esquire
_____
Print name

Attorney for Plaintiff, Brandon Johnson
_____
TITLE

Date: ___8/17/2015___

Case ID: 150701437

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __845 N. 20th Street, Philadelphia, PA  19130__

Address of Defendant: ____Law Department, 1515 Arch Street, 14th Floor, Philadelphia, PA 19102__

Place of Accident, Incident or Transaction: _____Philadelphia, PA__
_(Use Reverse Side For Additional Space)_

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)).       Yes ☐       No ☒

Does this case involve multidistrict litigation possibilities?       Yes ☐       No ☒
_RELATED CASE IF ANY:_

Case Number: _____ Judge _____       Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1.   Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                          Yes ☐       No ☒

2.   Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                                          Yes ☐       No ☒

3.   Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
                                                                          Yes ☐       No ☒

CIVIL: (Place  in ONE CATEGORY ONLY)

A. _Federal Question Cases:_

1.   ☐   Indemnity Contract, Marine Contract, and All
2.   ☐   FELA
3.   ☐   Jones Act – Personal Injury
4.   ☐   Antitrust
5.   ☐   Patent
6.   ☐   Labor-Management Relations
7.   ☒   Civil Rights
8.   ☐   Habeas Corpus
9.   ☐   Securities Act(s) Cases
10.  ☐   Social Security Review Cases
11.  ☐   All Other Federal Questions Cases (Please specify)

B. _Diversity Jurisdiction Cases:_

Other Contracts   1. ☐   Insurance Contract and Other Contracts
2. ☐   Airplane Personal Injury
3. ☐   Assault, Defamation
4. ☐   Marine Personal Injury
5. ☐   Motor Vehicle personal Injury
6. ☐   Other Personal Injury (Please specify)
7. ☐   Products Liability
8. ☐   Products liability - Asbestos
9. ☐   All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
_(Check appropriate Category)_

I, ____Matthew K. Hubbard____, counsel of record do hereby certify:

☒   Pursuant to Local Rule 53.3 A, civil rights cases are excluded from arbitration.

☐   Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐   Relief other than monetary damages is sought.

DATE: _____8/24/15_____      _Matthew K. Hubbard_      ____44110____
                                          Matthew K. Hubbard          Attorney I.D. #
                                          Attorney-at-Law

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____8/24/15_____      _Matthew K. Hubbard, Esquire_      ____44110____
CIV. 609 (4/03)                          Attorney-at-Law                    Attorney I.D. #

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Brandon Johnson

v.

**Civil Action**

P/O William Bowdren
City of Philadelphia
City of Philadelphia Prison System
Thomas Kasprzak
Joseph Curtosi
Michele Farrell

**No.**

### CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241through § 2255.          ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from
exposure to asbestos.          ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)          ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.          ( X )

                    Matthew K. Hubbard, Esquire

__8/24/15__                                          City of Philadelphia, et al.
Date                    Attorney-at-law                Attorney for

**(215) 683-5391**          **(215) 683-5397**          matthew.hubbard@phila.gov

Telephone                FAX Number                E-mail Address

(Civ. 660) 10/02